UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LINDA PARDEE                                              CIVIL ACTION

v.                                                        NO. 13-5662

STATE FARM INSURANCE COMPANIES, ET AL.                    SECTION "F"

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to The Federal Emergency Management Agency's motion for partial dismissal, noticed for submission on March 12, 2014, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] Plaintiff alleges that FEMA failed to adequately compensate her for flood losses sustained as a result of Hurricane Isaac; she alleges breach of contract, bad faith claims adjusting, negligent claims adjusting, and intentional infliction of emotional distress. She demands a jury trial. FEMA seeks dismissal of the plaintiff's extra-contractual claims on the ground that courts have rejected these types of claims arising out of the NFIA because the SFIP excludes incidental, consequential and extra-contractual claims of all types in SFIP Section V(A)(1)-(7); FEMA also seeks dismissal of the plaintiff's extra-contractual claims based in state law on the ground that such claims are preempted by SFIP Section IX. Finally, FEMA contends there is no right to a jury under the NFIA, and the Seventh Amendment's jury trial right does not attach. The Court agrees: plaintiff's extra-contractual claims must be dismissed and her jury demand stricken.

The United States has not waived its immunity to suit for extra-contractual claims. See 42 U.S.C. § 4072; see also Wright v. Allstate Ins. Co., 500 F.3d 390, 397-98 (5th Cir. 2007)(holding that neither the language of the NFIA nor the SFIP provides an express

IS ORDERED that FEMA'S motion for partial dismissal is GRANTED as unopposed.  The plaintiff's extra-contractual claims are dismissed; plaintiff is precluded from attempting to recover any damages other than those permissible for her breach of contract claim; and, plaintiff's demand for a jury trial is stricken.

New Orleans, Louisiana, March 7, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

authorization for a policyholder to bring an extra-contractual claim).  And, the right to a jury trial does not apply to actions against the United States government, absent an express statutory grant by Congress.  See Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).  There is no express grant of authority for a jury trial in the NFIA or its regulations.  See Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 402 (5th Cir. 2012)(Even in cases where a WYO insurer has issued the SFIP, the right to a jury trial has not been extended by the government.).  Finally, the plaintiff's attempt to recover the following damages must fail: loss of use of property, additional living expenses, loss of enjoyment of property, diminution in value of property, repair and remediation expenses, damage to and loss of contents, mental anguish, and attorney's fees, litigation costs, and interest.  These damages are neither explicitly nor implicitly authorized by the NFIA.  See Wright, 500 F.3d at 397-98; see also 44 C.F.R. § 61, App A(1) at Art. V.